UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| VMAS Solutions, LLC, | |
|     Plaintiff, | 2:17-cv-00534 JWS |
| v. | ORDER AND OPINION |
| MMJ Labs, LLC, | [Re: Motion at Docket 18] |
|     Defendant. | |

## I. MOTION PRESENTED

At docket 14 plaintiff VMAS Solutions, LLC ("VMAS") filed a reply in support of its motion for a preliminary injunction. Attached to the reply is the supplemental declaration of Vicki Mayo ("Mayo") (including two exhibits); the declaration of Jeffrey P. Thennisch ("Thennisch") (including two exhibits); and the declaration of Marc C. Sanchez ("Sanchez") (including one exhibit). At docket 18 defendant MMJ Labs, LLC ("MMJ") moves to strike all of these attachments or, alternatively, for leave to file a sur-response,[1] because the attachments are new evidence submitted for the first time in the reply. VMAS responds at docket 23.

## II. STANDARD OF REVIEW

"Where new evidence is presented in a reply, the district [court] should either not consider the new evidence, or not consider it without giving the other party the

---

[1] MMJ styled this filing as a sur-reply but a sur-reply is filed by the moving party. MMJ's proposed filing is a sur-response.

opportunity to respond."[2] "However, where evidence is 'submitted in direct response to proof adduced in opposition to a motion' it is not 'new.'"[3]

### III. DISCUSSION

**A.    The Supplemental Mayo Declaration**

In Mayo's initial declaration at docket 8-1, Mayo asserts that MMJ's claim of trademark infringement is causing VMAS to suffer irreparable harm, including a decline in web traffic to its fundraising page on Kickstarter.com and decline in sales.[4] In response, MMJ asserts that VMAS "cannot show that it is likely to suffer irreparable harm."[5] Mayo's supplemental declaration contains two exhibits. According to Mayo, the first exhibit is a "Google analytics summary demonstrating an 86% decline in Kickstarter traffic and a 75% reduction in Kickstarter sales in the month immediately following MMJ's false and disparaging claim of infringement."[6] Mayo states that the second exhibit is "an e-mail from a Kickstarter investor inquiry about the negative legal notice issued by Kickstarter to all VMAS investors in response to MMJ's false claim of infringement."[7] Paragraphs five through seven of Mayo's supplemental declaration also address the issue of harm, and paragraph eight denies various allegations made by Dr. Amy Baxter ("Baxter") in her declaration at docket 12-1.

---

[2]*Zkey Investments, LLC v. Facebook Inc.*, No. CV 16-00782-RSWL-KS, 2016 WL 7046593, at *8 (C.D. Cal. Dec. 2, 2016) (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)).

[3]*Id.* (quoting *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007)).

[4]Doc. 8-1 at 6–7.

[5]Doc. 12 at 2–3.

[6]Doc. 14-1 at 3 ¶ 3.

[7]*Id.* ¶ 4.

1    The supplemental Mayo declaration is not new evidence because it is directly
2 responsive to MMJ's opposition. The court will deny MMJ's motion with regard to this
3 declaration.

**B.    The Thennisch Declaration**

Thennisch is an attorney who represents VMAS in connection with its trademark filings before the U.S. Patent & Trademark Office ("PTO"). Baxter's declaration states that the FDA, "over multiple telephone conversations, provided instructions and advice to MMJ Labs regarding the facility registration process in 2008, which led to the determination that because both cold packs and therapeutic massagers, the main components of the BUZZY device, did not need 510(k) approval, the BUZZY device was exempt from the FDA's premarket notification requirements."[8] VMAS argues that the Thennisch declaration is not new evidence because it rebuts Baxter's assertion that "the FDA verbally issued some type of administrative determination that the MMJ device was exempt from Section 510(k) premarket clearance via the FDA's toll free help-line."[9]

The court finds that paragraphs eight through twelve of the Thennisch declaration are not new evidence because they are directly responsive to Baxter's declaration for the reasons stated in VMAS' opposition. The remainder of Thennisch's declaration, however, is new evidence because it is not responsive to MMJ's opposition. Paragraphs four through seven of the Thennisch declaration will be stricken.

**C.    The Sanchez Declaration**

Sanchez states that he is an attorney who specializes in regulatory matters involving the FDA, an adjunct professor at Northeastern University School of Law, and

---

[8] Doc. 12-1 at 4 ¶ 16.

[9] Doc. 23 at 5.

an FDA regulatory consultant. Sanchez's declaration includes his "observations and findings" regarding MMJ's opposition and Baxter's declaration.[10]

The Sanchez declaration is directly responsive to evidence and arguments raised in MMJ's opposition. The court will deny MMJ's motion with regard to this declaration.

### IV. CONCLUSION

Based on the preceding discussion, the motion at docket 18 is granted in part and denied in part as follows. Paragraphs four through seven of the Declaration of Jeffrey P. Thennisch at docket 14-1 are stricken. In all other respects, the motion is denied.

DATED this 18th day of April 2017.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[10]Doc. 14-1 at 24 ¶ 4.